UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ANDRÉS DE LEÓN–QUIÑONES,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 11-1329 (JAF)

(Crim. No. 06-125)

**OPINION AND ORDER**

Petitioner brings this pro se petition under 28 U.S.C. § 2255 for relief from a federal court conviction, alleging ineffective assistance of trial counsel. (Docket No. 1.) Respondent opposes (Docket No. 5), and Petitioner replies (Docket No. 9).

**I.**

**Factual Background**

In 2007, a jury convicted Petitioner of two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924. (Docket No. 1 at 1.) We sentenced Petitioner to 162 months of imprisonment. Petitioner unsuccessfully appealed his conviction and sentence. United States v. De León–Quiñones, 588 F.3d 748 (1st Cir. 2009), cert. denied, 130 S. Ct. 2361 (2010).

During Petitioner's trial, the government relied on eyewitness testimony of two bank employees—Sasha González and Jaime Massanet—who were present during one of the

robberies at issue and who, while on the stand at trial, identified Petitioner as the robber. De León–Quiñones, 588 F.3d at 749. Massanet had earlier identified Petitioner during a photo line-up investigators conducted before trial; given the same photographs, González had been unable to identify Petitioner. Id. at 750. During trial, both González and Massanet first testified that they did not see Petitioner present in the courtroom, though he was sitting at the defense table. Id. at 751. During a recess, however, both witnesses, separately, approached government representatives to report that they had recognized Petitioner in the courtroom when they left the room for the recess. Id. "Shortly after passing this information along, both González and Massanet saw De León being led back into the courtroom in handcuffs." Id.

González and Massanet both were recalled to the stand to amend their earlier testimony and identify Petitioner in court as the robber. Id. On appeal, Petitioner argued that this in-court identification testimony should have been suppressed on due process grounds, given that it was "tainted by an unnecessarily suggestive confrontation that occurred outside the presence of the jury—before identifying him in court, both identification witnesses saw De León returning to the courtroom in handcuffs." Id. at 754. As Petitioner's counsel had not sought suppression of the evidence during trial, the First Circuit reviewed the admission of the evidence for plain error and concluded that none had occurred. Id. at 753, 756.

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner

Civil No. 11-1329 (JAF)                                                                                                   -3-

may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id.

On collateral review, a petitioner may not relitigate issues that were decided on direct appeal. See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993). In addition, a petitioner's "failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the [petitioner] can demonstrate cause for the failure and prejudice or actual innocence." Berthoff v. United States, 308 F.3d 124, 127–28 (1st Cir. 2002). This bar does not apply to claims of ineffective assistance of counsel. See Massaro v. United States, 538 U.S. 500, 509 (2003).

A petitioner is entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him to relief, or . . . need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (quoting David v. United States, 134 F.3d 470, 477 (1st Cir. 1998)) (internal quotation marks omitted); see also § 2255(b). A petitioner waives any claims he raises perfunctorily. See Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001) (deeming waived ineffective assistance claim raised perfunctorily in § 2255 proceeding).

## III.

## Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Plaintiff claims ineffective assistance of counsel on two grounds: (1) failure to call an expert witness on the unreliability of eyewitness testimony; and (2) failure to move for suppression of tainted identification testimony or to move for mistrial based on the jury's improper exposure to that testimony. (Docket No. 1 at 4–5.)

**A.     Standard**

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI. To establish ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland, 466 U.S. at 686–96. To show deficient performance, a petitioner must "establish that counsel was not acting within the broad norms of professional competence." Owens, 483 F.3d at 57 (citing Strickland, 466 U.S. at 687–91). To show prejudice, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

To succeed on a claim of ineffective assistance of counsel, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Choices made by counsel that could be considered part of a reasonable trial strategy rarely amount to deficient performance. See id. at 690. Counsel's

Civil No. 11-1329 (JAF)                                                                                                      -5-

decision not to pursue "futile tactics" will not be considered deficient performance. Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999); see also Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (stating that failure to raise meritless claims is not ineffective assistance of counsel).

**B.     Grounds**

Petitioner claims that counsel should have called an expert witness to testify as to the unreliability of eyewitness testimony. (Docket No. 1 at 4.) He explains that an expert was necessary because the identification evidence was questionable in this case and because he would not have been convicted without the identification evidence. (See Docket No. 1-1 at 19–21.)

The First Circuit has addressed the practice of admitting expert testimony of this nature:

> In all events, for a range of reasons, trial courts have long hesitated to admit expert evidence purporting to identify flaws in eyewitness identification: for example, courts have said that the jury could decide the credibility issues itself; that experts in this area are not much help and largely offer rather obvious generalities; that trials would be prolonged by battles of experts; and that such testimony created undue opportunity for confusing and misleading the jury. Appeals courts have generally upheld rulings excluding such evidence.

United States v. Brien, 59 F.3d 274, 277 (1st Cir. 1995) (citing United States v. Fosher, 590 F.2d 381, 382 (1st Cir. 1979)). The court also identified the Ninth Circuit as being particularly hospitable to such evidence. Id. (citing United States v. Rincon, 28 F.3d 921 (9th Cir. 1994)). In a recent case, the Ninth Circuit rejected a habeas petitioner's claim that he received ineffective assistance of counsel for failure to present an expert on the unreliability of eyewitness testimony; the court determined that there was no prejudice from that failure because counsel had "extensively cross-examined" the identification witnesses and because "the jurors

Civil No. 11-1329 (JAF) -6-

were instructed on the potential shortcomings of eyewitness testimony." Howard v. Clark, 608 F.3d 563, 574 (9th Cir. 2010).

Applying this precedent, we similarly find no prejudice from Petitioner's counsel's failure to call an expert as to the unreliability of eyewitness testimony. Counsel extensively cross-examined González and Massanet as to the questionable circumstances of their in-court identification. (Crim. No. 06-125, Trial Tr. 76–79, 82–89, Aug. 8, 2006.) Counsel also addressed the issue during his closing remarks. (Crim. No. 06-125, Trial Tr. 19–22, 28–29, Aug. 9, 2006.) In addition, the trial court instructed the jury as to potential flaws in the identification evidence. (Id. at 41–42.)

Petitioner also claims that counsel should have moved to suppress the tainted identification testimony and should have moved for a mistrial given the jury's exposure to same. (Docket No. 1 at 5.) He claims that counsel's failures prejudiced him in that they resulted in his conviction and subjected his appeal to a more stringent standard of review—without which, he claims, he would have prevailed on appeal. (See Docket No. 1-1 at 26.)

In order to show that a failure to move for suppression of evidence prejudiced him, a petitioner must show that counsel was likely to have succeeded on that motion. See, e.g., Yeboah-Safah v. Ficco, 556 F.3d 53, 80–82 (1st Cir. 2009). In the instant case, on direct appeal, the First Circuit conducted a careful analysis of whether suppression of González's and Massanet's testimony was necessary. De León–Quiñones, 588 F.3d at 753–56. Their analysis involved a "two-step inquiry into suggestiveness and reliability." Id. at 754. Assuming the identification process at issue was "unnecessarily suggestive," the court applied five factors to

determine whether the testimony was nevertheless reliable. Id. at 753–54. As to González's testimony, the court determined that "[a]pplication of the first four factors support[ed] a finding of reliability," and that the fifth factor "point[ed] in neither direction." Id. at 754–55. Addressing Petitioner's strongest argument as to unreliability, the court noted that the doubt his argument cast was "typically grist for the jury's mill." Id. at 755. The court also expressed its doubt that Petitioner's was a case in which "a witness's failure to identify the defendant on a prior occasion, in conjunction with other factors, might create enough doubt about the reliability of a later identification to preclude its admission." Id. Ultimately the court concluded, "[W]e cannot say that the district court committed plain or obvious error in allowing González to identify De León, especially in light of the rule that a court should only withhold identification evidence from the jury in extraordinary cases." Id. at 756 (internal quotation marks omitted). As to Massanet's testimony, the court was pointedly "brief": "In all material respects, Massanet's in-court identification of De León is more reliable than González's." Id.

In light of the First Circuit's analysis, we find it unlikely that counsel would have succeeded on a motion to suppress either witness's in-court identification. And we find it even less likely that counsel would have succeeded on a motion for mistrial, grounded on the allegedly improper admission of the testimony. See, e.g., United States v. Diaz, 494 F.3d 221, 227 (1st Cir. 2007) ("Declaring a mistrial is a last resort, only to be implemented if the taint is ineradicable, that is, only if the trial judge believes that the jury's exposure to the [improperly admitted] evidence is likely to prove beyond realistic hope of repair." (quoting United States v. Sepulveda, 15 F.3d 1161, 1184 (1st Cir. 1993))). We also find that Petitioner has failed to

show that, had the First Circuit applied a de novo—rather than plain error—standard of review, the outcome on appeal would have been different. Petitioner does not explain how the First Circuit's analysis would have differed under a de novo standard of review. (See Docket Nos. 1-1 at 26–28; 9 at 2–3.) Given the First Circuit's careful consideration of the issue and its doubt as to the viability of Petitioner's arguments, we see no way in which the result would have differed under a de novo standard of review. Petitioner has therefore failed to demonstrate prejudice from counsel's failure to move for suppression or for mistrial.

As Petitioner has demonstrated no prejudice from counsel's failure to bring an expert witness or to move for suppression or mistrial as to the identification testimony, he has failed to show ineffective assistance of counsel on those bases. Petitioner argues that even if those failures, standing alone, did not render counsel's assistance ineffective, their cumulative effect did. (Docket No. 1-1 at 29.) We disagree. We find, based on the record as a whole, that counsel adequately called the jury's attention to the unreliability of the identification testimony at issue and that Petitioner received exhaustive direct review of the propriety of admitting the testimony. Given those circumstances, we find that the cumulative effect of the failures at issue did not render counsel's assistance ineffective.

## IV.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255 relief, we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a

Civil No. 11-1329 (JAF) -9-

constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## **Conclusion**

For the foregoing reasons, we **DENY** Petitioner's § 2255 petition (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, we summarily dismiss Petitioner's claims because it is plain from the record that he is entitled to no relief.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 25th day of August, 2011.

                                                                                      s/José Antonio Fusté
                                                                                      JOSE ANTONIO FUSTE
                                                                                      United States District Judge